IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD SEABERG, III,**

      **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

Case No. 22-CV-02394-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On October 13, 2022, Plaintiff filed a pro se Complaint in this Court seeking judicial review of a decision of the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g). Plaintiff challenges the final decision of the Commissioner denying his claim for Disability Insurance Benefits and for Disabled Child's Insurance Benefits. With the Complaint, Plaintiff filed a motion for leave to proceed in forma pauperis in this Court. (Doc. 3.) That motion was denied because the form was incomplete. (Doc. 6.) Plaintiff renewed his motion with a completed form. (Doc. 7.)

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under the applicable statute, the Court must dismiss any such complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In the case at hand, Plaintiff's allegation of poverty appears truthful; the action is neither frivolous nor malicious; and the action does not seek monetary relief from an immune defendant. But the current record does not permit the Court to determine whether or not the action states a claim upon which relief can be granted. Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." An individual is presumed to have received notice of a final decision five days after the date of the notice, absent a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). Based on the letter attached to Plaintiff's Complaint, the Appeals Council rendered its final decision on July 28, 2022 and presumed notice occurred on August 2, 2022. (Doc. 2, p. 8.) Plaintiff needed to file this action by October 3, 2022.[1] Plaintiff did not file this action until October 13, 2022.

As a result, Plaintiff's Complaint indicates that he did not timely commence this suit based on the presumption. *See* 42 U.S.C. § 405(g). The Court needs to answer this question before it can properly rule on Plaintiff's motion for pauper status. Plaintiff did attach an article, dated July 26, 2022, to his Complaint that relayed a U.S. Postal Service warning that people who expected mail in the St. Louis area at that time might experience delays after unprecedented totals of recorded rainfall caused severe flooding and issues at a distribution center (Doc. 2, pp. 23-24.) This article alone,

---

[1] While the sixty-day time period ended on October 1, 2022, this day was a Saturday and Federal Rule of Civil Procedure 6(a)(1)(C) mandates that the time period then run until the first day that is not a Saturday, Sunday, or Federal Holiday, which in this case was Monday, October 3, 2022.

though, does not fully explain Plaintiff's belated filing and does not suffice as an attestation.

Accordingly, the Court **RESERVES RULING** on Plaintiff's motion for pauper status. (Doc. 7.) Plaintiff shall file a brief memorandum with the Court by November 9, 2022, which fully explains his belated filing. Failure to do so may result in the dismissal of this case for failure to prosecute. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATED:  October 19, 2022**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**